UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edwin C. R.,

    Petitioner,

v.

Pamela Bondi, et al.,

    Defendants.

ORDER ADOPTING REPORT AND
RECOMMENDATION
Civil File No. 26-00355 (MJD/JFD)

David L. Wilson, Gabriela Sophia Anderson, Wilson Law Group, Counsel for Petitioner.

Ana H. Voss, Friedrich A. P. Siekert, Assistant United States Attorneys, Counsel for Respondents.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge John F. Docherty filed January 21, 2026.  (Doc. 8.)  Both parties have filed objections.  Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based upon that review, the Court adopts the Report and Recommendation of Magistrate Judge Docherty with modification.

1

I.      OBJECTIONS

    A.      **Respondents' Objection**

This case is one of the myriad cases this District has decided recently addressing the issue of whether certain noncitizen detainees are properly detained under 8 U.S.C. § 1225(b)(2) or § 1226(a).  The decision as to which statute controls Petitioner's detention makes a difference.  If he is subject to § 1225(b)(2), detention is mandatory and he is not entitled to a bond hearing.  If he is subject to § 1226(a), he is at least entitled to a bond hearing and may be entitled to immediate release.

The R&R recommends that Petitioner's petition for writ of habeas corpus be granted insofar as Respondents be ordered to hold a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge in Minnesota.  (Doc. 8 at 3.)

Respondents object to this recommendation, stating that their central objection to the R&R is that Magistrate Judge Docherty "did not review, analyze, distinguish, or even discuss the growing number of minority district court decisions" and decisions from the Honorable Paul A. Magnuson, who have found, on facts similar to the facts presented here, that noncitizens who were apprehended by ICE were "applicants for admission" under 8 U.S.C. § 1225(a)(3).  (Doc. 10 at 2-3 (citing Arturo v. Bondi, No. 26-cv-00102 (PAM/SGE),

2

ECF No. 6 (D. Minn. January 22, 2026; Jose C. v. Bondi, No. 26-cv-135 (PAM/DTS), ECF No. 14 (D. Minn. January 20, 2026); Abdirahmaan G. v. Noem, No. 26-cv-34 (PAM/SGE), ECF No. 7 (D. Minn. Jan. 14, 2026); Bidye M. v. Kandiyohi Cnty. Jail, et al., Civ. No. 25-4791 PAM/EMB, ECF. No. 10 (D. Minn. January 16, 2026)).)  Respondents also cite cases from districts within the Eighth Circuit that rule the way Judge Magnuson does on this issue. (Id. at 3.)  "[G]iven the importance of the question and recent developments in the caselaw," Respondents ask the Court to revisit the majority approach and give "serious consideration" to the Government's view.  (Id. at 2 (citations omitted).)

First, both this Court and Magistrate Judge Docherty have given "serious consideration" to the Government's view of this issue.  Since November 2025, the courts of this District have thought of little else.  Second, to say that Judge Docherty did not review, analyze, or discuss this central issue is disingenuous.  The cases cited by Judged Docherty provide in-depth discussions of the issue. (Doc. 8 at 2 (noting that Respondents conceded that this case is like Santos M.C. v. Olson, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025) and Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025)).)  It is a grave error to confuse efficiency with lack of rigor.

3

Third, with all due respect to the Honorable Paul A. Magnuson, the Court sees this issue differently.  For the reasons explained in Beltran, Respondents' objection is overruled.  2025 WL 3719856, at *3; see also Santos, 2025 WL 3281787, at *3 ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).") (quoting Jennings v. Rodriguez, 583 U.S. 281, 289 (2018)).

### B. Petitioner's Objection

Petitioner agrees with the recommended holding of the R&R, but argues that immediate release rather than a bond hearing is the proper remedy.

The petition states that Petitioner's warrantless arrest violated 8 U.S.C. § 1226.  The Court ordered Respondents' answer to include "affidavits and exhibits as are needed to establish the lawfulness of Petitioner's detention in light of the issues raised in the habeas petition. . . .[including w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release."  (Doc. 4 at 1-2.)  Therefore, Respondents knew that lack of a warrant was at issue in this case.

Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." Cristian Z. v. Bondi, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted). "It follows that absent a warrant a noncitizen may <u>not</u> be arrested and detained under section 1226(a)." Id. (cleaned up); Ahmed M. v. Bondi, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

As is the situation here, "[w]here the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." Cristian Z., 2026 WL 123116, at *2 (citations omitted). Respondents have neither identified a valid statutory basis for detention nor have they attempted to satisfy the warrant requirement of § 1226(a), even after being ordered to do so by the Court.

Petitioner's objection is sustained. The Court will modify the R&R and order Petitioner's immediate release. Further detention absent a warrant violates 8 U.S.C. § 1226(a).

## II. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **ADOPTS with modification** the Report and Recommendation of United States Magistrate Judge John F. Docherty filed January 21, 2026. **[Doc. 8.]** Petitioner's emergency petition for writ of habeas corpus **[Doc. 1]** is **GRANTED**.

1. Respondents must immediately release Petitioner from detention into Minnesota pursuant to his Order of Release on Recognizance; and

2. Respondents are required to confirm Petitioner's release from custody within forty-eight (48) hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 25, 2026                     s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court